Gibbs v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-002-CR

     MARVIN GIBBS, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 20,494-361
                                                                                                    

O P I N I O N
                                                                                                    

      Marvin Gibbs, Jr. appeals his conviction for possession of a controlled substance. Gibbs was
found guilty by a jury, and the court assessed punishment at twenty years in prison. On appeal
Gibbs contends that the trial court erred in (1) denying his motion to suppress the evidence found
in his automobile at the time of his arrest, and (2) denying his motion for an instructed verdict
based on the State's failure to identify him in open court.
      In point one, Gibbs argues that the arresting officers lacked probable cause and the requisite
exigent circumstances to search Gibbs' automobile without a warrant. Lt. Gene Knowles of the
Brazos Valley Narcotics Trafficking Task Force testified that on June 22, 1991, he received a tip
from an anonymous caller who had previously called him on eight or ten occasions. Furthermore,
the information provided by the caller had been reliable in the past. In fact, one of the previous
calls had resulted in Gibbs' arrest for possession of a controlled substance.
      The informant told Knowles that Gibbs was at the Triangle Bowling Alley and that crack
cocaine was located in his car. Knowles, who was aware of the kind of car that Gibbs drove, also
testified that the informant described Gibbs' car. The informant told him that, within the past
thirty-five minutes, she had seen the cocaine between the cushions of the passenger seat in Gibbs'
car. Knowles contacted Sgt. Mike Hallmark of the Bryan Police Department to follow up on the
tip. However, when Hallmark arrived at the bowling alley ten or fifteen minutes later, he was
unable to locate Gibbs' car. The following evening, Knowles received another call from the same
informant. This time the informant told Knowles that Gibbs was at Neal Park and that the cocaine
was still located in the passenger seat of his car. Again, Knowles called Hallmark.
      Hallmark testified that he immediately went to the park where he saw the car described by
Knowles. Hallmark waited about five minutes until Gibbs returned to the car. Hallmark followed
the car out of the park, and when Gibbs failed to signal his intention to turn, Hallmark called for
a backup. When Officer Martinez arrived, Hallmark stopped Gibbs for the traffic violation. 
Hallmark told Gibbs that he had committed a traffic violation and that he was suspected of
transporting narcotics. At that point Hallmark left Gibbs with Martinez, reached into Gibbs' car,
and retrieved a plastic bag from between the cushions of the passenger seat. Hallmark testified
that the bag contained what appeared to be crack cocaine. Gibbs was then arrested for possession
of a controlled substance.
      The "totality of the circumstances" test applies in Texas for determining probable cause for
a warrantless search and seizure.


 The burden is on the State to prove the existence of probable
cause to justify a warrantless search.


 A police officer may search an automobile without a
warrant when there are both exigent circumstances and probable cause to believe that the vehicle
contains contraband or the instrumentalities of a crime.


 In this case, probable cause is based on
an informant's tip. An informant's veracity, reliability, and basis of knowledge are critical in this
analysis.


 The court in Price v. State provided the following guidance for determining probable
cause based on an informant's tip:
One method of proving an informant's reliability is to show that the informant has
provided truthful information in the past. An informant's tip can also be confirmed by
the independent police work which corroborates the information received. Additionally,
the credibility of the tip is strengthened if it is given in great detail which indicates a
strong basis for the informant's knowledge. Furthermore, the tip is strengthened if it is
based on personal observation rather than hearsay. Finally, the surrounding
circumstances combined with the information received must be viewed in the light of
their having been evaluated by a trained law enforcement officer.




      Here, Knowles had received information from the informant in the past and considered her
to be reliable. On a previous occasion, information provided by the informant resulted in Gibbs'
arrest for possession of a controlled substance. Furthermore, the informant supplied Knowles with
several detailed facts including: (1) the color and style of Gibbs' vehicle, which Knowles knew
to be accurate; (2) the location of the vehicle; (3) the fact that Gibbs had crack cocaine hidden
between the cushions of the passenger seat; and (4) Gibbs' identity. More importantly, these facts
were based on the informant's personal knowledge. We find that Hallmark had probable cause
to believe cocaine was located inside Gibbs' automobile and that the exigent circumstances
surrounding the investigation were sufficient to justify a warrantless search of the vehicle.


 We
overrule point of error one.
      In point two, Gibbs argues that the court abused its discretion in allowing the State to re-open
its case after Gibbs moved for an instructed verdict. The record reveals that, after the State rested
its case in chief, Gibbs moved for an instructed verdict on the grounds that the State had failed to
identify Gibbs in open court. After re-opening, the State recalled Hallmark to identify Gibbs as
the accused, and the court denied Gibbs' motion for an instructed verdict. Where additional
evidence is allowed, reversal will result only when the trial court abuses its discretion.


 We hold
that the court exercised its discretion in favor of "due administration of justice" in allowing the
State to re-open its case in chief.


 As a result, we overrule point of error two and affirm the
judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 9, 1992
Do not publish1